**Swaran SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72924.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 24, 2008.

Teresa Salazar, Esq., Law Offices of Martin Resendez Guajardo a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Heiko P. Coppola, San Francisco, CA, Office of the U.S. Attorney, Jennifer L. Lightbody, Esq., Sacramento, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Swaran Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it

is under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely because it was filed more than ninety days after the BIA's March 1, 2004 order. *See* 8 C.F.R. § 1003.2(c)(2). Singh did not provide sufficient evidence to establish that conditions in India have changed so that he now has a well-founded fear of future persecution. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty*, 381 F.3d at 945. Singh's reliance on *Franco–Rosendo v. Gonzales*, 454 F.3d 965 (9th Cir.2006) is unavailing.

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

**Jose Alberto Robles MALDONADO; Maria Berenice Robles, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73372.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.